# IN THE UNITED STATE DISTRICT COURT

# STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVIS BEN MARTIN,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>OFFICER CHARLES SINGLETON, OFFICER RYAN LABOUNTY, OFFICER COLBY GREEN and WOODS CROSS CITY,<br><br>　　　　　　　　　　Defendants. | REPORT & RECOMMENDATION<br><br>Case No.  2:22-cv-00015<br><br>District Court Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Jill N. Parrish. (ECF No. 5, Order of Reference.)

On January 6, 2022, Plaintiff Travis Ben Martin ("Mr. Martin" or "Plaintiff") filed his federal civil rights complaint against Officer Charles Singleton, Officer Ryan LaBounty, Officer Colby Green and Woods Cross City (collectively referred to as "Defendants"). (ECF No. 4, Complaint.) The following motions are currently pending before the court: Plaintiff's Motion to Amend Complaint (ECF No. 33) and Defendants' Motion to Dismiss for Failure to State a Claim.[1] (ECF No. 35.)

---

[1] Upon examination of the briefs and record, the court determines that oral argument would not materially assist with determination of the parties' pending motions. *See*, DUCivR 7-1(g).

## BACKGROUND

Prior to filing the present action, Mr. Martin was charged with three third degree felonies (one count of aggravated kidnapping and two counts of possession of a dangerous weapon by a restricted person) in Utah's Second District Court for Davis County, Utah. (ECF No. 21-1; ECF No. 35-1, *See State of Utah v. Travis Ben Martin*, Case Number 201701891) ("state court criminal case"). In the state court criminal case Plaintiff moved to suppress "all evidence and testimony[,]" arguing Defendants did not have probable cause to search his home or to arrest him. (ECF 21-1; ECF No. 21-2; ECF No. 35-1.) The state court denied Plaintiff's Motion to Suppress. (ECF No. 21-2; ECF No. 35-2, State Court Order Denying Motion To Suppress) Thereafter, a trial was held and Mr. Martin was found guilty of one count of aggravated kidnapping and one count of possession of a dangerous weapon by a restricted person. (ECF No. 21-1.) Based on his conviction, on July 8, 2021, Plaintiff was sentenced to concurrent indeterminate terms not to exceed five years in prison. (*Id.*; ECF No. 21-3; ECF No. 35-3, Sentence Judgment, Commitment.)

On July 21, 2021, Mr. Martin appealed his criminal conviction and the underlying state court orders. (ECF No. 21-1, *See State of Utah v. Travis Ben Martin,* 20210504-CA.) While his appeal was pending Plaintiff filed his federal action, alleging that Defendants conducted an illegal, warrantless search of his home and arrested him without probable cause. Based on his appeal, this court issued an order staying Mr. Martin's federal case pending resolution of his state court appeal. (ECF No. 30, Ruling and Order.)

On November 15, 2022, the Utah Court of Appeals affirmed Plaintiff's conviction and sentence along with the state court's ruling on the motion to suppress. (ECF No. 35-4, Utah

Court of Appeals Order of Affirmance.) Defendants provided notice of the Court of Appeals' affirmance and the federal stay was lifted. (ECF No. 31, Notice of Entry of Order of Affirmance; ECF No. 32, Docket Text Order.)

On January 25, 2023, Plaintiff filed his Motion to Amend the Complaint (ECF No. 33) and on February 9, 2023, Defendants filed their Motion to Dismiss. (ECF No. 34.) Mr. Martin has not filed a response to Defendants' motion for dismissal and the time within which to do so has expired. *See* DUCivR 7-1.

## STANDARD OF REVIEW

In reviewing the complaint, the Court accepts all well-pleaded factual allegations and views the allegations in a light most favorable to the plaintiff, drawing all reasonable inferences in Mr. Martin's favor. *See Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The court, however, need not accept conclusory allegations. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, "a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Twombly,* 550 U.S. at 555 (plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").

Because Mr. Martin proceeds *pro se*, the court construes his filings liberally and holds

him "to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. Nonetheless, Plaintiff must still "follow the same rules of procedure that govern other litigants," *Garrett v. Selby, Connor, Maddux & Hamer,* 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted), and the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (*quoting Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

Finally, any facts that are subject to judicial notice "may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan,* 453 F.3d 1244, 1265 (10th Cir. 2006). Courts may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Generally, court dockets, orders and other official records are properly subject to judicial notice. *See Sexton v. Evergreen Vill. Cmty., MHC, LLC,* 2020 U.S. Dist. LEXIS, at * 2 (D. Utah July 20, 2020); *see also United States v. Henson,* 9 F.4th 1258, 1267 (10th Cir. 2021).

## DISCUSSION

### Plaintiff's Motion to Amend

On January 25, 2023, Mr. Martin filed a Motion to Amend his complaint. (ECF No. 33.) Plaintiff's proposed amended complaint alleges facts similar to those set forth in the original complaint; namely, that the police conducted an illegal search of Plaintiff's property and did not have probable cause to arrest him. Also similar to the original complaint, Plaintiff's proposed

amended complaint seeks compensatory and punitive damages under 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment. Substantively, the only significant differences between the original and the proposed amended complaint are: (1) the proposed amended complaint alleges a *Bivens* action against two new parties, federal officers Zach McBride and Ben Graham; and (2) Plaintiff alleges that Defendants are not entitled to qualified immunity. (ECF No. 33 at 4-5.)

Defendants oppose amendment, arguing Plaintiff's motion should be denied as futile. (ECF No. 35); *see Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 512 F.3d 1278, 1288 (10th Cir. 2008) (court "not required to grant leave to amend . . . if amendment would be futile").

While futility arguments may be addressed in the context of motion to amend, courts are often hesitant to do so. Instead, upon review, a court may determine that "the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Romero v. Reams,* 2020 U.S. Dist. LEXIS 189061, at *17 (D. Colo. Oct. 13, 2020) (*quoting Agere Sys. Guardian Corp. v. Proxim, Inc.,* 190 F. Supp. 2d 726, 736 (D. Del. 2002)).In this case Defendants' arguments in opposition to amendment are nearly identical to those raised in Defendants' pending motion to dismiss. Consequently, because the issue of futility "is functionally equivalent to the question [of] whether a complaint may be dismissed for failure to state a claim[,]"the court concludes the "better course" is to address the important issues raised (res judicata, collateral attacks and qualified immunity) in the context of Defendants' pending motion for dismissal. *See Gohier v Enright,* 186, F.3d 1216, 1218 (10th Cir. 1999).

Accordingly, under the liberal amendment standard of Federal Rule 15, the court grants

Plaintiff's Motion to Amend and considers Plaintiff's January 25, 2023 pleading operative. (ECF No. 33, Amended Complaint); *see* Fed. R. Civ. P. 15(a)(amendment "is within the discretion of the trial court" and "the court should freely give leave when justice so requires").

### Defendants' Motion to Dismiss

Defendants move for dismissal of Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). Defendants offer three main arguments in support of dismissal: (1) Plaintiff's federal case presents an impermissible collateral attack on a state court judgment; (2) the doctrine of res judicata; and (3) qualified immunity. Each argument is addressed herein.

### Plaintiff's Federal Lawsuit Is An Impermissible Collateral Attack On A State Court Judgment

Utah's state courts have previously addressed the same alleged wrongs for which Mr. Martin now seeks relief in federal court. Specifically, in his state court criminal proceedings Plaintiff argued "he was arrested without probable cause" and the search of his property was "unconstitutional as [law enforcement] lacked exigent circumstances, consent, or a search warrant." (ECF No. 35-2 at 9, 11.) Similarly, Plaintiff's amended complaint alleges "there was no probable cause to believe I ever [committed a crime]" and the "Officers did not have a warrant or probable cause plus exigent circumstances" to search his property. (ECF No. 33 at 3.) Because Mr. Martin's federal claims include allegations that, if true, could invalidate his conviction or sentence, Plaintiff's claims constitute an impermissible collateral attack and are barred under principles set forth in *Heck v. Humphrey.* 512 U.S.477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

6

In *Heck,* the Supreme Court "explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer,* 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (*citing Heck,* 512 U.S. at 486-87). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck,* 512 U.S. at 48.

Here, Mr. Martin's amended complaint seeks to invalidate his conviction and current confinement by arguing that various aspects of his conviction (i.e. unlawful entry into and search of his home, unlawful seizure of his person) were unconstitutional. These arguments directly attack Plaintiff's underlying conviction. Further, Plaintiff does not assert that his conviction and sentence have been invalidated. As a result, Plaintiff's federal claims amount to an impermissible collateral attack on the state court judgment and Mr. Martin is unable to state a viable claim for relief under 42 U.S.C § 1983. Accordingly, the court recommends dismissal of Plaintiff's Amended Complaint.

### **Plaintiff's Claims Are Barred By Res Judicata**

Res judicata may apply as the result of either claim preclusion or issue preclusion. "[C]laim preclusion corresponds to causes of action[;] issue preclusion corresponds to the facts and issues underlying causes of action." *Oman v. Davis School District,* 2008 UT 70, ¶ 31, 194 P.3d 956. While claim preclusion "is premised on the principle that a controversy should be adjudicated only once[,]" issue preclusion prevents parties or their privies from relitigating facts and issues in a second lawsuit that were fully litigated in the first lawsuit. *Mack .v Utah State Department of Commerce, Div. Of Sec.,* 221 P.3d 194, 203 (Utah 2009).

A "federal civil rights plaintiff may be collaterally estopped from litigating a § 1983 claim by a state court criminal judgment, so long as [the plaintiff] had a full and fair opportunity to litigate the issue at the state criminal proceedings." *Cook v. Aagard,* 547 F. Appx. 857, 859 (10th Cir. 2013) (*citing Allen v McCurry,* 449 U.S. 90, 104-05 (1980)). To determine whether issues are precluded state law applies and requires that the following four elements are met:

> (i)the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigate; and (iv) the first suit must have resulted in a final judgment on the merits.

*Id.* (*quoting Oman v. Davis School District,* 194 P.3d 956, 965 (Utah 2008). In this case, the first element is met because Mr. Martin was the criminal defendant in the prior state court proceeding. The second element is also satisfied because the issue of whether Defendants had probable cause is central to both Plaintiff's state and federal actions. Third, the issue of whether there was probable cause was completely, fully and fairly litigated in the state court criminal case through a motion to suppress, at trial and on appeal. Finally, Plaintiff satisfies the fourth element because his conviction resulted in a final judgment on the merits which was affirmed on appeal. For these reasons, Mr. Martin's claims are barred by the issue preclusion branch of res judicata and the court recommends dismissal of the amended complaint.

### **Plaintiff's Amended Complaint is Barred By Qualified Immunity**

In their motion to dismiss, Defendants assert the defense of qualified immunity. Under the qualified-immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). To overcome a motion to dismiss implicating a qualified-immunity defense, plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights." *Robbins v. Okla. ex rel. Dept. of Human Servs.,* 519 F.3d 1242, 1249 (10th Cir. 2008). Thus, when a qualified-immunity defense is raised plaintiff "carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *T.D. v. Patton,* 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson v. Callahan,* 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

The relevant inquiry for determining whether a right is clearly established is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation." *Mecham v. Frazier,* 500 F.3d 1200, 1206 (10th Cir. 2007). Importantly, the burden to show a clearly established right rests on the plaintiff, not the defendant. *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645 (10th Cir. 1988) ("The plaintiff carries the burden of convincing the court that the law was clearly established") (citations omitted). This burden is initially met through well-pleaded facts set forth in a plaintiff's complaint. *See Quintana v. Santa Fe Cty. Bd. of Commissioners,* 973 F.3d 1022, 1028 (10th Cir. 2020) ("We have described this burden as 'heavy' in large part because our qualified-immunity inquiry 'is designed to spare a

defendant not only unwarranted liability, but [also] unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'") (citations omitted).

Mr. Martin does not offer well-pleaded facts to support his claim. Instead, Plaintiff simply identifies what he believes to be established rights and then alleges they have been violated. (ECF No. 33 at 5, "Because the right to be free from unreasonable searches and seizures was firmly established on 11 October 2020---through the Fourth Amendment---none of the defendants are entitled to qualified immunity because there was no valid exception to the warrant requirement"). As a plaintiff, Mr. Martin "must do more than identify in the abstract a clearly established right and allege that the defendant[s] [have] violated it." *Green v. Post,* 574 F.3d 1294, 1300 (10th Cir. 2009) (citation omitted). Indeed, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Quintana,* 973 F.3d at 1049 (quotation omitted); *see also Garrett v. Rader,* 831 F.2d 202, 204 (10th Cir. 1987) (whether law is clearly established "should be determined in a particularized sense"). Additionally, because the appropriateness of Defendants' actions, based on probable cause, has been confirmed by the state court and affirmed by the Utah Court of Appeals, it would be inappropriate to conclude that Defendants acted contrary to clearly established law.

Accordingly, pursuant the doctrine of qualified immunity the court recommends dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

**RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS that the District Court:

1. GRANT Plaintiff's Motion to Amend Complaint (ECF No. 33); and

2. GRANT Defendants' Motion to Dismiss (ECF No. 35).[2]

The Clerk's Office is directed to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 15th day of March 2023.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court

---

[2] To the extent the District Court affirms dismissal based on principles of res judicata, the court recommends dismissal with prejudice. *See Vu Phan v. Red Sky Condo, HOA,* 2021 U.S. Dist. LEXIS 222157, * 4 (March 5, 2021). Affirmance of dismissal based on *Heck* is without prejudice. *See Parra v. Jackson*, 2022 U.S. Dist. LEXIS 13328, at *8 (D. Colo. Jan. 25, 2022) ("When *Heck* bars a claim, that claim should be dismissed without prejudice."); *see also Fottler v. U.S.,* 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck,* the dismissal should be without prejudice"). Dismissal based on qualified immunity may be "with or without prejudice." *Rustgi v. Reams,* 536 F. Supp. 3d 802, 818 (D. Colo. April 29, 2021) ("Because qualified immunity is immunity from suit, rather than a mere defense to liability, . . ., a court may dismiss the case with or without prejudice if it finds that a defendant is subject to qualified immunity.") (internal citation and quotation omitted).