IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TRAVIS BEN MARTIN**,<br><br>Plaintiff,<br><br>v.<br><br>**OFFICER CHARLES SINGLETON**, **OFFICER RYAN LABOUNTY**, **OFFICER COLBY GREEN**, and **WOODS CROSS CITY**,<br><br>Defendants. | ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, OVERRULING PLAINTIFF'S OBJECTION, AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>Case No. 2:22-CV-00015-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Travis Ben Martin ("Mr. Martin" or "Plaintiff"), proceeding *pro se*, sued Woods Cross City and Officers Singleton, LaBounty, and Green ("Defendants"), alleging violations of his Fourth Amendment rights. On January 21, 2023, Mr. Martin filed a motion for leave to amend his complaint a second time (ECF No. 33) and on February 9, 2023, Defendants filed a second motion to dismiss (ECF No. 35) in response. Magistrate Judge Dustin B. Pead issued a Report and Recommendation advising the court to grant both motions. ECF No. 36. Judge Pead reasoned that Mr. Martin's action should be dismissed because the claims in Mr. Martin's proposed Second Amended Complaint are impermissible under the *Heck* doctrine and barred by both qualified immunity and issue preclusion.

The parties were given fourteen days to object to the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). Mr. Martin filed a late response to both Defendants' second motion to dismiss and to their opposition to his second motion for leave to amend. ECF No. 37. The court

received this response hours after Judge Pead issued his recommendation. In August of 2023, nearly five months later and long after the 14-day deadline for objections, Mr. Martin then objected to the Report and Recommendation. *See* ECF No. 45. Under the Tenth Circuit's firm waiver rule, this filing cannot be treated as an objection to the Report and Recommendation because Mr. Martin was informed of the period to object and neither claims he attempted to submit this filing on time nor provided any plausible explanation for the months-long delay (during which he filed other documents with the court). *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). However, in his late objection, Mr. Martin asserted that he had sent a request for an extension of time to respond to Defendants' motion to dismiss, which failed to reach the court due to mail system problems in the prison at which he is incarcerated. He accordingly requested that Judge Pead consider his late-filed response (ECF No. 37).

The court agrees that Mr. Martin's response should, in fairness, be considered. However, as a matter of judicial economy, the court declines to send the matter back to Judge Pead for his consideration. Instead, the court will treat Mr. Martin's response (ECF No. 37) as a timely objection to the Report and Recommendation.

**STANDARD OF REVIEW**

The court reviews *de novo* the portions of the Report and Recommendation to which Mr. Martin properly objected. Fed. R. Civ. P. 72(b)(3); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court reviews any other issues for clear error. *See* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend.; *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 U.S. Dist. LEXIS 105871, at *4, n.31 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)).

**ANALYSIS**

The court follows Judge Pead's recommendation to grant Mr. Martin leave to amend his complaint in part. *See* Fed. R. Civ. P. 15(a) (stating amendment "is within the discretion of the trial court" and "the court should freely give leave when justice so requires"). The court rejects Judge Pead's recommendation only to the extent that it would grant Mr. Martin leave to amend his complaint to add two individual Defendants. On the same *Heck* and qualified immunity rationales laid out below, the court finds it would be futile to grant Mr. Martin leave to amend to add claims against those individuals. Otherwise, the court follows Judge Pead's recommendation to grant Mr. Martin's motion for leave to amend his complaint. The court then considers the three bases on which Judge Pead recommended granting Defendants' motion to dismiss Mr. Martin's Second Amended Complaint: the *Heck* doctrine, qualified immunity, and issue preclusion.

**I. THE *HECK* DOCTRINE**

The Report and Recommendation stated that Mr. Martin's claims, if proven true, "could invalidate his conviction or sentence" and thus are "an impermissible collateral attack . . . barred under principles set forth in *Heck v. Humphrey*[.]" ECF No. 36, at 6 (citing 513 U.S. 477 (1994)). Judge Pead decided Mr. Martin's Second Amended Complaint must be dismissed because it seeks a decision by this court holding "various aspects of his conviction . . . unconstitutional." *Id.* at 7. Because Mr. Martin properly objected to Judge Pead's conclusion on the *Heck* doctrine, the court reviews this aspect of the Report and Recommendation *de novo*. Fed. R. Civ. P. 72(b)(3).

The Report and Recommendation misstated *Heck*'s standard. Mr. Martin's § 1983 claim is barred only if "a judgment in favor of the plaintiff *would necessarily* imply the invalidity of his conviction or sentence[,]" *Heck*, 512 U.S. at 487 (emphasis added), not merely if a judgment

in his favor "*could* invalidate his conviction or sentence[,]" ECF No. 36, at 6 (emphasis added). Nonetheless, Judge Pead was correct to conclude Mr. Martin's claims fail under *Heck*.

Mr. Martin's Second Amended Complaint alleges broad claims of unlawful entry, search, seizure, arrest, and planting of evidence in violation of the Fourth Amendment. ECF No. 33, at 3. These allegedly unlawful actions by Defendants led to the discovery of evidence and testimony that Mr. Martin fought to have excluded in his state criminal proceedings. ECF No. 21-2, 21-4. However, he insists a judgment in his favor "would not necessarily imply that [his] *conviction* was unlawful in any way" because his § 1983 claim "has nothing to do with the conviction, . . . but with only events that transpired well before [he] was charged"—events such as the officers' entry to his yard and Mr. Martin's subsequent search, seizure, and arrest. ECF No. 37, at 17 (emphasis added).

The *Heck* doctrine's application turns on the substance of a claim. When a state court conviction relied on evidence found in a search, and that search is challenged in a § 1983 suit, *Heck* prevents a federal court from reconsidering the search's legality. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012); *Trusdale v. Bell*, 85 Fed. App'x 691, 693 (10th Cir. 2003). Mr. Martin argues Defendants' challenged conduct did not result in the discovery of any evidence relied on to support his conviction. ECF No. 37. Based on its review of the record, however, the court disagrees.

Mr. Martin's suit challenges the Defendants' entry of his home's curtilage and his seizure and detention while the officers spoke with Ms. Kate Gwilliam and Mr. Mark Brundage. These actions by Defendants led to testimony used against Mr. Martin in the suppression hearing that preceded his conviction for aggravated kidnapping. ECF No. 21-2, ¶¶ 1-2, 8, 16-17. Mr. Martin further challenges the officers' searches of his home and car based on his violation of supervised

4

release. These searches turned up evidence of the weapon he was convicted of unlawfully possessing. *Id.* ¶¶ 32-36, 38. Mr. Martin's allegation that he was wrongly arrested for a stolen truck is similarly barred by *Heck*. This arrest led Defendants to discover Mr. Martin's violation of his federal supervised release, which in turn gave the U.S. probation officers authority to lead the aforementioned searches that uncovered incriminating evidence. *Id.* ¶¶ 21, 24-27, 28-36, 38; *see also* ECF No. 35-4. In short, Mr. Martin cannot square his argument that Defendants' challenged conduct did not lead to the discovery of any evidence supporting his conviction with his objection, which spends 16 of its 20 pages attempting to relitigate his state court suppression hearing. *See* ECF No. 37.

In the alternative, Mr. Martin argues his § 1983 suit can proceed under *Heck*'s narrow exception for challenges to police conduct that fall beyond the Fourth Amendment's exclusionary rule. *See* ECF No. 33, at 3 (quoting *Heck*, 512 U.S. at 477 n.7). Mr. Martin quotes *Heck*:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, . . . and especially harmless error, . . . such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S., at 477 n.7. Beyond cursorily citing this exception, Mr. Martin does not argue that any exception to the exclusionary rule in fact applies here. At most, his objection suggests an argument that, even absent his arrest for the stolen truck and the other challenged conduct by Defendants, the evidence and testimony used to convict him would have been discovered. The court is not convinced. Moreover, because Mr. Martin does not "explain how such doctrines" of inevitable discovery, independent source, or harmless error "might have applied to [his] specific

5

claim," his reliance on this limited exception to *Heck*'s bar of his § 1983 claim is misplaced. *Garza*, 672 F.3d at 1220; *see also Chon v. Obama*, 718 Fed. App'x 653, 659 n.5 (10th Cir. 2017).

Only Mr. Martin's claim that one Defendant "planted then pretended to discover a small bag of methamphetamine" during their search of his home appears truly disconnected from the discovery of evidence used against him in his state court proceedings. ECF No. 33. This allegation, if proven true, would violate the Fourth Amendment. *See Riley v. City of Montgomery*, 104 F.3d 1247, 1253 (11th Cir. 1997); *Smith v. City of Chicago*, 913 F.2d 469, 472 (7th Cir. 1990). But this claim faces a different bar. As a § 1983 plaintiff, Mr. Martin cannot recover for his claim without proving that a constitutional violation caused him "actual compensable injury" besides his conviction. *Heck*, 512 U.S. at 487 n.7 (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986)). Mr. Martin does not allege any such injury here. The alleged drug evidence planted against him neither supported his conviction nor appears related to any injury alleged in his Second Amended Complaint. While Mr. Martin is a *pro se* plaintiff entitled to less stringent pleading standards, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court cannot supply factual allegations—such as a compensable injury—to "round out [his] complaint[.]" *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

Mr. Martin's claim of planted evidence fails because he did not plead all the required elements of a § 1983 claim. His remaining claims all state impermissible collateral attacks on his state court conviction because the claims, if proven true, would necessarily hold his conviction unlawful. The court therefore overrules Mr. Martin's objection (ECF No. 37) and grants Defendants' motion to dismiss Mr. Martin's Second Amended Complaint (ECF No. 35) as Judge Pead recommended.

## II. QUALIFIED IMMUNITY

The Report and Recommendation points to qualified immunity as an additional reason to dismiss Mr. Martin's Second Amended Complaint. ECF No. 36, at 8-10. Judge Pead concluded that Mr. Martin did not offer well-pleaded facts supporting his claim that the Defendants violated a clearly established right. Because Mr. Martin's objection to Judge Pead's conclusion on qualified immunity was properly filed, the court reviews the issue *de novo*.

Construed liberally, Mr. Martin's qualified immunity argument is that the Court's holding in *Florida v. Jardines*, 569 U.S. 1 (2013), regarding the treatment of a home's curtilage as a constitutionally protected area under the Fourth Amendment, gave rise to a clearly established right, such that no reasonable officer would have believed they could enter Mr. Martin's yard, seize him, or detain him without either a warrant or probable cause and exigent circumstances. ECF No. 37, at 2, 19-20. This argument significantly misstates Fourth Amendment principles and Mr. Martin's argument fails as a result.

As the Utah Court of Appeals explained in its Order of Affirmance, *Jardines* extended the home's unique Fourth Amendment protection to the home's curtilage but did not overrule existing limits on privacy rights in the home. ECF No. 35-4. For example, police undoubtedly have authority to enter a home to "protect a resident . . . or to determine whether violence (or threat of violence) has just occurred or is about to . . . occur[.]" *Georgia v. Randolph*, 547 U.S. 103, 118 (2006); *see also Brigham City v. Stuart*, 547 U.S. 398, 403 (2006). Here, the state courts determined Defendants entered the curtilage of Mr. Martin's home lawfully because they were responding to a 911 caller's report that "she was held hostage . . . against her will with a machete." ECF No. 21-2, ¶¶ 1-2. At the scene, Defendants quickly learned the victim in fact was being threatened by Mr. Martin, who was preventing her from leaving the home. *Id.* ¶¶ 8, 16-17.

Once lawfully there, Defendants had authority to conduct a two-level stop, seizing and later detaining Mr. Martin on reasonable suspicion. *State v. Markland*, 112 P.3d 507 (Utah 2005). Defendants' searches of Mr. Martin's home and car were conducted on authority from his violation of federal supervised release. ECF No. 21-2, ¶¶ 24-38.

Mr. Martin bears the burden to show he had a clearly established right, *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir. 1988), which Defendants violated, *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017). But the only conduct he alleges Defendants engaged in would not violate his Fourth Amendment rights. Further, because the state courts concluded the officers' conduct was lawful and upheld Mr. Martin's conviction in part on that ground, it would further violate *Heck* to now conclude the Defendants acted contrary to clearly established Fourth Amendment law. 512 U.S. at 487. The court finds qualified immunity to be a second ground on which to overrule Mr. Martin's objection and dismiss his Second Amended Complaint as Judge Pead recommended.

### III. ISSUE PRECLUSION

While Mr. Martin's objection mentions issue preclusion, his arguments contest Defendants' motion to dismiss only on *Heck* and qualified immunity grounds. Because the court found two independent grounds on which to dismiss Mr. Martin's Second Amended Complaint, it need not address issue preclusion at this time.

**ORDER**

Based on the court's review of Judge Pead's Report and Recommendation and Plaintiff's objection to it, the court ORDERS as follows:

1. The Report and Recommendation (ECF No. 36) is ADOPTED in part.

2. Plaintiff's Second Motion for Leave to Amend (ECF No. 33) is GRANTED in part and DENIED in part.

3. Defendants' Second Motion to Dismiss (ECF No. 35) is GRANTED.

4. Plaintiff's Second Amended Complaint (ECF No. 33) is DISMISSED.

DATED this 27th of September, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge